UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 16-Civ-21513-COOKE

DEVON ANTHONY BROWN,

    Plaintiff,

vs.

CITY OF OPA-LOCKA,

    Defendant.

_____/

## ORDER OF DISMISSAL

This action arises from alleged violations of Plaintiff's constitutional rights at a traffic ticket hearing. I have jurisdiction under 28 U.S.C. § 1331.

Pending are Plaintiff's renewed Application to Proceed in District Court Without Prepaying Fees or Costs ("Application") (ECF No. 4), and his First Amended Complaint/Constitutional and Civil Rights Complaint ("Amended Complaint") (ECF No. 6). For the reasons stated below, I deny the Application and dismiss the Amended Complaint.

## DISCUSSION

The screening provisions of 28 U.S.C. § 1915(e) apply to this matter as Plaintiff seeks leave to proceed *in forma pauperis*. Under 28 U.S.C. § 1915(e), courts may dismiss a suit "any time [ ] the court determines that . . . (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2).

When considering dismissal under section 1915(e)(2)(B)(ii), I apply Fed. R. Civ. P. 12(b)(6) standards. *See Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997). Under Rule 12(b)(6), a court holds the allegations of a *pro se* plaintiff like the one in this case to less stringent standards than pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Nevertheless, *pro se* litigants must comply with procedural rules to avoid dismissal. *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007).

Here, Plaintiff alleges civil rights violations under 42 U.S.C. § 1983. Section 1983 imposes civil liability on one who, "acting under color of state law, deprives a person of 'any rights, privileges, or immunities secured by the Constitution and laws.'" *Doe 1–13 By and Through Doe, Sr. 1–13 v. Chiles*, 136 F.3d 709, 713 (11th Cir. 1998). Thus, to obtain relief, Plaintiff must show that he was deprived of a federal constitutional right by a person acting under color of state law. *Patrick v. Floyd Medical Center*, 201 F.3d 1313, 1315 (11th Cir. 2000).

Plaintiff claims the officer presiding over his traffic ticket hearing violated: (1) the separation-of-powers doctrine; (2) the Due Process clause of the 14th Amendment; (3) the 6th Amendment right to face one's accuser; and (4) the 7th Amendment right to trial by jury. These claims lack merit because:

(1) Absent evidence of bias, which Plaintiff has not alleged, a hearing officer acting as both prosecutor and judge does not violate separation of powers, *see Gardner v. City of Cleveland*, 656 F. Supp. 2d 751, 762-62 (N.D. Ohio 2009) (citing *Withrow v. Larkin*, 421 U.S. 35, 56-57 (1975));

(2) Likewise, such a procedure does not violate due process of law, *see Withrow*, 421 U.S. at 56-57;

(3) The 6th Amendment applies to criminal prosecutions, not to the administration of civil sanctions like traffic tickets, *see McDaniel v. Collins*, 615 F. App'x 91, 93 (3d Cir. 2015); and

(4) Prosecutions for simple traffic violations – whether misdemeanors or mere infractions – do not entitle a defendant to trial by jury, *see U.S. v. Soderna*, 82 F.3d 1370, 1379 (7th Cir. 1996).

Thus, as was the case with the original Complaint, the Amended Complaint fails to state a claim upon which relief may be granted, even under the relaxed pleading standard afforded to *pro se* litigants.  *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Mitchell*, 112 F.3d at 1490.

## CONCLUSION

Accordingly, it is **ORDERED** and **ADJUDGED** as follows:

1. Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (ECF No. 4) is **DENIED** *with prejudice*.
2. Plaintiff's Amended Complaint (ECF No. 6) is **DISMISSED** *with prejudice*.
3. All pending motions, if any, are **DENIED as moot**.

**DONE and ORDERED** in Chambers, at Miami, Florida, this 20th day of October 2016.

*/s/ Marcia G. Cooke*
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*Devon Anthony Brown,* pro se
*P.O. Box 470373*
*Miami, FL 33247*